IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PATRICE A. BREWER,             )
                               )
    Plaintiff,                 )
                               )
v.                             )       No. 04-2664 Ma/P
                               )
SYNOVUS FINANCIAL CORPORATION, )
d/b/a TRUST ONE BANK,          )
                               )
    Defendant.                 )

---

**ORDER 1) FINDING THAT THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIM, 2) DENYING DEFENDANT'S MOTION TO DISMISS OR STAY, AND 3) ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN ELEVEN (11) DAYS OF THE DATE OF THIS ORDER**

---

I. Background

Plaintiff Patrice A. Brewer's ("Brewer") father, Lawrence P. Bramlett ("Bramlett"), died on June 15, 2004. (Compl. at 1.) When he died, Bramlett held several payable-on-death bank accounts ("P.O.D. acounts") with Trust One Bank ("Trust One") worth approximately $100,000. (Id. at 1-3.) According to the Complaint, Brewer was the beneficiary of those accounts when they were created, but in January, 2004, Bramlett removed Brewer as the beneficiary and named two of Bramlett's "distant relatives" as the beneficiaries. (Id.)

Brewer filed the Complaint in this case on August 26, 2004.[1]

---

[1] Brewer filed an "Amendment to Civil Action" on September 2, 2004, in which she also claims that the P.O.D. accounts should be found "null and void" because Bramlett did not sign the Certificate of Deposit he received from the bank when

Brewer alleges that Bramlett "was not of sound mind when he allegedly [changed the beneficiaries of the P.O.D. accounts] with Trust One Bank in January 2004 because of his illnesses especially brain cancer. Other family members took advantage of his illnesses and diminished mental capacity in having him (or someone else) sign the [documents changing the beneficiaries]." (Id. at 4.) Brewer seeks to have the P.O.D. accounts found "null and void for reason of diminished mental capacity and undue influence or fraud, and reinstate the original P.O.D. [account beneficiary] or award the assets to plaintiff based on Tennessee Intestate Succession law." (Id. at 5.)

Trust One filed a "Motion to Dismiss or Stay" on November 29, 2004. A document entitled "Response to Motion to Dismiss or Stay" was filed on November 30, 2004. The signature on the response was not Brewer's and the court entered an order on December 16, 2004, ordering Brewer to file a properly signed response. The court's order also raised <u>sua sponte</u> the issue of whether the court has subject matter jurisdiction over Brewer's claim and ordered Brewer to show cause why the action should not be dismissed for lack of subject matter jurisdiction.

On January 4, 2005, Brewer filed a response to Trust One's "Motion to Dismiss or Stay" in which Brewer addressed the issue of this court's subject matter jurisdiction. Trust One filed a reply

---

he created the P.O.D. accounts.

2

memorandum on April 25, 2005. Brewer filed a "Motion to Amend Complaint on May 27, 2005, which was granted on June 1, 2005. Brewer has not filed an amendment to her Complaint.

## II. Analysis of the Court's Subject Matter Jurisdiction Over The Claim Stated in Brewer's Complaint

Federal courts are courts of limited jurisdiction. Finley v. United States, 490 U.S. 545, 547-48 (1989). Federal courts are obliged to act sua sponte whenever a question about jurisdiction arises. See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 at 70 (1984). Fed. R. Civ. P. 12(h)(3) provides that a court shall dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter."

Under the "probate exception" to diversity jurisdiction, "even when the requirements of diversity jurisdiction have been met ... a federal court nonetheless lacks jurisdiction over cases involving probate matters." Lepard v. NBD Bank, a Div. of Bank One, 384 F.3d 232, 237 (6th Cir. 2004) (internal quotes and citations omitted). "The probate exception is a practical doctrine designed to promote legal certainty and judicial economy by providing a single forum of litigation, and to tap the expertise of probate judges by conferring exclusive jurisdiction on the probate court." Id.

"The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be

3

cognizable only by the probate court." Id. "The probate exception applies both to purely probate matters, and to matters ancillary to probate in the practical sense that allowing the case to be maintained in federal court would impair the policies served by the probate exception to diversity jurisdiction." Id. at 237-38. (internal quotes and citations omitted). Furthermore, the federal court may not entertain suits that would force the federal court to "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Starr v. Rupp, 421 F.2d 999, 1004 (6th Cir. 1970) (citing Markham v. Allen, 326 U.S. 490, 494 (1946)).

This court does not have jurisdiction over Brewer's claim because her claim is ancillary to probate and because the property in question is under the control of the Shelby County Probate Court. Brewer asks the court to find that her father's designation of beneficiaries of the P.O.D. accounts was invalid and to distribute the money in those accounts to the alleged original beneficiary of the accounts, Brewer, or by intestacy. If the court were to find that Bramlett's January 4, 2004, designation of beneficiaries was invalid and that the funds should be distributed through intestate succession, the court would be forced to decide a probate matter--intestate distribution of the property in a decedent's estate.

Further, the funds that Brewer seeks to obtain are already

4

under the administration of the Shelby County Probate Court. Tenn Code Ann. § 45-2-704(b)(8) allows a bank to interplead the funds in a contested P.O.D. account into a probate court. On February 4, 2005, in response to a motion by Trust One, the Shelby County Probate Court entered an "Order Allowing Interpleader" and ordered Trust One to deposit with the probate court the funds in Bramlett's accounts.[2] On August 10, 2005, the Shelby County Probate Court heard oral arguments on a summary judgment motion filed by Trust One. Thus, the probate court has accepted jurisdiction over disputes arising from the disposition of the funds in the P.O.D. accounts and has control of those funds. Consequently, the probate exception to diversity jurisdiction applies to Brewer's claim, and this court lacks subject matter jurisdiction.

Brewer argues that the probate exception does not apply to this case because the funds in the P.O.D. accounts do not pass under Bramlett's will and that the Shelby County Probate Court does not have jurisdiction over the funds.[3] (Pl.'s Resp. at 2.) Tenn Code Ann. § 45-2-704(b)(8), however, clearly gives the probate court jurisdiction over the funds in the P.O.D. accounts, although

---

[2] The style of the probate court case is In re: The Estate of Lawrence Patrick Bramlett, Case No. C-10057.

[3] Brewer cites Tenn. Code. Ann. § 35-12-110(a) to support her claim that the Shelby County Probate Court does not have jurisdiction to hear disputes arising from the distribution of the P.O.D. accounts. Section 35-12-110(a), however, deals with the transfer of securities upon the security owner's death. Section 35-12-102(9) defines a "security" as "a share, participation, or other interest in property, in a business, or in an obligation of an enterprise or other issuer, and includes a certificated security, an uncertificated security, and a security account." Section 35-12-110(a) does not apply to this suit.

5

the accounts do not pass under Bramlett's will.

### III. Trust One's Motion to Dismiss or Stay

Because the court does not have jurisdiction over the claim stated in Brewer's Complaint, Trust One's "Motion to Dismiss or Stay" is denied as moot.

### IV. The Court's Order Allowing Brewer to File an Amended Complaint

On June 1, 2005, this court granted Brewer's motion to amend her Complaint. Brewer is hereby ordered to file an amended Complaint within eleven (11) days from the date of this order. Because this court does not have subject matter jurisdiction over the claim stated in Brewer's original Complaint, failure to file an Amended Complaint within the time given will result in dismissal of Brewer's suit.

## V. Conclusion

For the foregoing reasons, the court does not have subject matter jurisdiction over the claim stated in Plaintiff's Complaint. Therefore, Defendant's Motion to Dismiss or Stay is DENIED as moot, and Plaintiff is ORDERED to file an amended complaint within eleven (11) days of the date of this order.

So ordered this 30th day of August 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 47 in case 2:04-CV-02664 was distributed by fax, mail, or direct printing on September 1, 2005 to the parties listed.

---

Clifford D. Pierce
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Patrice A. Brewer
4700 N. Josey Ln.
Apt. #3118
Carrollton, TX 75010

Ronald C. Wilson
WILSON & ASSOCIATES PA
P.O. Box 1299
310 Mid-Continent Plaza
West Memphis, AR 72301

Jon W. Smith
WYATT TARRANT & COMBS, LLP
1715 Aaron Brenner Dr.
Ste. 800
Memphis, TN 38120

Honorable Samuel Mays
US DISTRICT COURT